Case 1:18-cv-00162  Document 61  Filed on 09/13/19 in TXSD  Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAMELA ZIOLKOWSKI MARGOLIS, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JAMES B. NUTTER & COMPANY, and § <br> BEN CARSON, SECRETARY, DEP'T § <br> OF HOUSING AND URBAN § <br> DEVELOPMENT, § <br> Defendants. § | Case No. 1:18-cv-162 |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Defendant Ben Carson's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter, Defendant's Carson's "Motion to Dismiss" or "Motion") filed on August 12, 2019. Dkt. No. 54. The Court also received Plaintiff Pamela Ziolkowksi Margolis' Response to Motion to Dismiss (hereinafter, Margolis' "Response") on September 3, 2019. Dkt. No. 60. For the reasons provided below, it is recommended that the Court **GRANT** Carson's Motion to Dismiss, and all claims against Carson be **DISMISSED**.

## I.   Background and Procedural History

Margolis, her husband, and her mother purchased a home located in Brownsville, Texas[1] (the "Property") in 2007. In May of 2008, Margolis' husband and

---

[1] *See* Dkt. No. 20-2 at 6 (describing the Property).

Margolis' mother obtained a Home Equity Conversion Mortgage ("HECM") through Griffin Financial Mortgage, LLC ("Griffin Financial").[2] Griffin Financial subsequently assigned the HECM to JBNC. Margolis' mother passed away on December 20, 2009; and Margolis' husband passed away on October 1, 2016. As a result, the outstanding balance of the HECM became due and payable. This suit stems from Margolis' efforts to prevent foreclosure on the Property.

Margolis sues Carson based on the Department of Housing and Urban Development ("HUD") being referenced in the Deed of Trust and Loan Agreement. Dkt. No. 15 at 5. Specifically, Margolis alleges various claims against Carson: (1) breach of fiduciary duty; (2) negligence; (3) entitlement to promissory estoppel; (4) negligent misrepresentation; (5) fraud in the inducement; and (6) breach of contract. *Id.* at 11-13. Carson's Motion to Dismiss alleges that the Court lacks subject-matter jurisdiction and, in the alternative, that Margolis fails to state a claim for which relief can be granted. Dkt. No. 54. Margolis' filed a response to Carson's Motion, wherein she agrees with Carson on several points. Dkt. No. 60.

## II. Legal Standards

Federal courts have subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases where the

---

[2] Although Griffin Financial was initially named as a defendant in this lawsuit (Dkt. No. 1-2), Margolis has since filed a "Notice of Nonsuit" regarding Griffin Financial (Dkt. No. 12), thereby dismissing her claims against it.

amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists among the parties. 28 U.S.C. §§ 1331, 1332. Federal courts have limited jurisdiction and must dismiss a case when "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Likewise, absent an express waiver, suits against the federal government are barred under the doctrine of sovereign immunity. *Kansas v. United States*, 204 U.S. 331, 341, 27 S.Ct. 388, 51 L.Ed. 510 (1907).

Federal Rule of Civil Procedure 12(b)(1) governs challenges over a federal court's subject-matter jurisdiction. A party may move for a court to dismiss a plaintiff's cause of action on the basis that the court lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Accordingly, "if [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed.R.Civ.P. 12(h)(3). Unlike motions to dismiss under Rule 12(b)(6), where the plaintiff's allegations are taken as true and viewed under most favorable light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (same). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming* 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

The court grants a motion under 12(b)(1) only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *See Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

The doctrine of administrative exhaustion is established in administrative law. *Woodford v. Ngo*, 548 U.s. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Under the doctrine of exhaustion of administrative remedies, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)). "When exhaustion is statutorily mandated, the requirement is jurisdictional." *Townsend v. United States Dep't of Justice Immigration & Naturalization Serv.*, 799 F.2d 179, 181 (5th Cir. 1986). Exhaustion of administrative remedies is jurisdictional only when Congress has clearly and unequivocally manifested its intent to require claimants to exhaust their administrative remedies. *See Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 475 (5th Cir. 1997). Therefore, a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction is improper when the exhaustion of administrative remedies is not clear and unequivocal as a jurisdictional prerequisite. *Hager v. NationsBank N.A.*, 167 F.3d 245, 248 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense. *Davis v. Fort Bend County*, 893 F.3d 300, 307 (5th Cir. 2018).

### III. Discussion

Carson's Motion to Dismiss puts forth that Margolis' claims should be dismissed under Rule 12(b)(1) and 12(b)(6). Dkt. No. 54 at 1. Carson raises several defenses: (1) the court lacks subject-matter jurisdiction based on sovereign immunity; (2) torts claims must be administratively exhausted under the Federal Tort Claims Act; (3) contract claims in excess of $10,000 fall under the jurisdiction of the Court of Federal Claims; and (4) Margolis fails to state a claim upon which relief can be granted. *Id.* at 4-7. In her response, Margolis agrees she has "failed to file an administrative claim pursuant to the provisions of the Federal Tort Claims Acts" and further states that "until a proper claim is presented to HUD, this court cannot acquire jurisdiction." Dkt. No. 60 at 4. Margolis agrees that her claims of negligent misrepresentation and deceit are barred under 28 U.S.C. § 2680(h). *Id.* at 5. However, Margolis alleges that the Court has jurisdiction because her contract claims do not exceed $10,000 and therefore she does not need to pursue her contract claims under the Tucker Act and before the Court of Federal Claims. *Id.* As a result, Margolis asks the Court to conduct discovery to make determinations of fact; she asserts her claims are plausible and should not be dismissed. *See* Dkt. No. 60 at 5, 9.

Fatally, by Margolis' own admission, she has not exhausted her administrative remedies. As a result, this Court lacks subject-matter under Rule 12(b)(1) and must dismiss the claims against Carson. As such, the Court cannot review the merits of Margolis' claims pursuant to Rule 12(b)(6).

## IV. Recommendation

It is recommended that the Court: (1) **GRANT** Carson's Motion to dismiss for lack of subject-matter jurisdiction, and (2) **DISMISS** all claims against Carson.

## V. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED on this 13th day of September, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**