UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAMELA ZIOLKOWSKI MARGOLIS, Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:18-cv-00162 |
| JAMES B. NUTTER & COMPANY, et al., Defendants. | § § § | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 52) in the above-captioned case. The R&R recommended the Court grant James B. Nutter & Company's ("JBNC") "Motion to Dismiss" (Docket No. 24). With the Court's leave, Pamela Z. Margolis ("Plaintiff") filed late Objections to the R&R ("Plaintiff's Objections") (Docket No. 57). Defendant timely responded. *See* Docket No. 58.

Plaintiff's remaining claims[1] arise from JBNC's alleged violation of The Department of Housing and Urban Development ("HUD") regulations. *See* Docket No. 57 at 7, 9, and 12. However, HUD regulations do not create a private right of action unless the regulations are explicitly incorporated in the Deed of Trust. *See Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). Plaintiff concedes the Deed of Trust did not explicitly incorporate HUD regulations but merely made references to "authorizations, notices, and requirements ... all with no reference made to any *particular* regulations." *Id.* (emphasis in original). Thus, the remainder of Plaintiff's claims warrant dismissal. *Johnson*, 830 F.3d at 196 (citing *Chandler v. Wells Fargo Bank, N.A.*, No. 11—03831 SC, 2014 WL 31315, at *5-6 (N.D. Calif. Jan. 3, 2014), aff'd, 673 Fed. App'x 413 (9th Cir. 2016) (dismissing claim for a plaintiff's failure to identify "a particular provision ... incorporating HUD regulations.")).

---

[1] Plaintiff's Objections abandoned the following claims: (1) violation of the Texas Deceptive Trade Practices Act; (2) wrongful foreclosure; (3) breach of fiduciary duty; (4) age discrimination; (6) gender discrimination; (7) violation of § 50 of the Texas Constitution; (8) declaratory judgment; and (9) attorney's fees. *See* Docket No. 57.

1

After a *de novo* review of the record, the Court **ADOPTS** the R&R (Docket No. 52) in its entirety and **GRANTS** JBNC's Motion to Dismiss (Docket No. 24). The Court **OVERRULES** Plaintiff's Objections (Docket No. 57) and **DISMISSES** all claims against JBNC **with prejudice.**

Signed on this 19th day of September, 2019.

Rolando Olvera
United States District Judge